IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND THIELE,<br><br>     Plaintiff,<br><br>  v.<br><br>JEN WINKLEMAN,[1] *et al.*,<br><br>     Defendants. | Case No. 3:23-cv-00107-JMK |

## SCREENING ORDER

Self-represented prisoner Raymond Thiele[2] ("Plaintiff") filed a civil rights complaint ("Complaint"), a civil cover sheet, and an application to waive prepayment of the filing fee.[3] Although Plaintiff used the Court's template complaint form, instead of entering his claims in the space provided, he attached a single spaced, four-page narrative[4] and 100 pages of attachments. The Court now screens the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Although the scope of review generally is limited to the contents of the complaint, the Court also may consider documents attached to the complaint, documents

---

[1] Jen Winkleman is substituted for her predecessor, Nancy Dahlstrom, as the Commissioner for the Alaska Department of Corrections. *See* Fed R. Civ. P. 25(d).

[2] Plaintiff's name was entered as "Raymond Thick" when this case was docketed. Plaintiff filed a motion to correct the spelling of his name at Docket 6. The Clerk shall update the spelling of Plaintiff's last name to "Thiele" and update the caption accordingly.

[3] Docket 1.

[4] Docket 1 at 5–8.

incorporated by reference in the complaint, or matters of judicial notice.[5] During screening, the Court is not required "to wade through exhibits to determine whether cognizable claims have been stated."[6] However, exhibits that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[7]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[8] In this screening, a court shall dismiss the case at any time if the court determines that the action:

   (i)  is frivolous or malicious;

   (ii)  fails to state a claim on which relief may be granted; or

   (iii)  seeks monetary relief against a defendant who is immune from such relief.[9]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity

---

[5] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[6] *Woodrow v. Cty. of Merced*, No. 1:13-cv-01505-AWI, 2015 WL 164427, at *4 (E.D. Cal. 2015).

[7] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

[8] 28 U.S.C. §§ 1915, 1915A.

[9] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:23-cv-00107-JMK, *Thiele v. Winkleman, et al.*
Screening Order
Page 2 of 20
Case 3:23-cv-00107-JMK   Document 7   Filed 02/08/24   Page 2 of 20

to amend or otherwise address the problems, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[11]

## DISCUSSION

### I. Requirements to State a Claim

To determine whether a complaint states a valid claim on which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[12] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[13] Factual allegations may not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the

---

[10] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[11] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[13] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[14] *Ashcroft*, 556 U.S. at 678.

Case No. 3:23-cv-00107-JMK, *Thiele v. Winkleman, et al.*
Screening Order
Page 3 of 20
Case 3:23-cv-00107-JMK   Document 7   Filed 02/08/24   Page 3 of 20

[complainant] is entitled to relief[.]"[15] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[16] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[17]

The Complaint does not contain sufficient plausible facts to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure for a civil rights action under 42 U.S.C. § 1983 ("Section 1983"). Therefore, the Court must dismiss the Complaint. However, the Court grants Plaintiff leave to file an amended complaint in accordance with the guidance contained in this order.

## II. Plaintiff Improperly Joins Unrelated Claims

Rule 18(a) of the Federal Rules of Civil Procedure allows a plaintiff to join as many claims as he has against an opposing party in one action.[18] But parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action."[19] In other words, joining more than one claim is only proper when it is against one

---

[15] Fed. R. Civ. P. 8(a)(2).

[16] *Id.*

[17] *Id.* (internal citations and quotations omitted).

[18] Fed. R. Civ. P. 18(a).

[19] Fed. R. Civ. P. 20(a)(2).

Case No. 3:23-cv-00107-JMK, *Thiele v. Winkleman, et al.*
Screening Order
Page 4 of 20
Case 3:23-cv-00107-JMK   Document 7   Filed 02/08/24   Page 4 of 20

defendant, and joining multiple defendants in one complaint is only proper when the action is based on the same facts.

Plaintiff brings suit against seven named defendants and two unknown John/Jane Doe defendants.[20] While all the claims involve Plaintiff's imprisonment, Plaintiff improperly joined three distinct claims in this action. Specifically, in Claim 1, Plaintiff alleges DOC is violating his rights by refusing to allow his minor children to visit him in prison.[21] In Claim 2, Plaintiff questions his sentence, eligibility for discretionary parole, and calculation of good time credits.[22] In Claim 3, Plaintiff alleges DOC has been deliberately indifferent to his medical needs regarding his vision. Should Plaintiff choose to amend his Complaint, unrelated claims must be brought in separate lawsuits. Further, Plaintiff is advised unknown John or Jane "Doe" defendants generally is disfavored, and unknown defendants cannot be served with process until they are identified by their real name.[23]

---

[20] Docket 1 at 3.

[21] Docket 1 at 5–6.

[22] Docket 1 at 7.

[23] *Corry*, 2013 WL 550669, at *1. *See also Rose v. Yuba City & Cnty.*, No. 22-cv-00338, 2022 WL 1215265, at *3 (E.D. Cal. 2022) ("[D]ue to the impossibility of serving unknown individuals, the court will not order service on the Doe defendants until plaintiff has identified and filed a motion to substitute named defendants for the Doe defendants.").

Case No. 3:23-cv-00107-JMK, *Thiele v. Winkleman, et al.*
Screening Order
Page 5 of 20
Case 3:23-cv-00107-JMK   Document 7   Filed 02/08/24   Page 5 of 20

## III. Civil Rights Actions

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[24] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[25] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[26] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[27] Constitutional rights are those conferred by the U.S. Constitution to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a Section 1983 remedy for violations of the statute in question.[28] Section 1983 does not provide a mechanism for remedying alleged

---

[24] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[25] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[26] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[27] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[28] *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027–28 (9th Cir. 1999).

Case No. 3:23-cv-00107-JMK, *Thiele v. Winkleman, et al.*
Screening Order
Page 6 of 20
Case 3:23-cv-00107-JMK   Document 7   Filed 02/08/24   Page 6 of 20

violations of state law.[29] However, where a violation of state law is also a violation of a federal constitutional right, Section 1983 may provide a cause of action.[30]

Additionally, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.[31] "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[32]

### A. Visitation

Pursuant to the Superior Court's Judgment and Order in his underlying criminal case, DOC will no longer allow Plaintiff's minor children to visit him.[33] Plaintiff claims his wife and children were allowed to visit when he was housed at Spring Creek Correctional Center, but were not approved for visitation after Plaintiff was transferred to Goose Creek Correctional Center.[34] DOC has responded to Plaintiff's requests by providing Plaintiff with information on the process to have

---

[29] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[30] *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996).

[31] *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

[32] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[33] Docket 1-6 at 5.

[34] Docket 1 at 5.

Case No. 3:23-cv-00107-JMK, *Thiele v. Winkleman, et al.*
Screening Order
Page 7 of 20
Case 3:23-cv-00107-JMK   Document 7   Filed 02/08/24   Page 7 of 20

visitation approved by providing written authorization from Plaintiff's probation officer and a sex offender treatment provider.[35] DOC also suggested Plaintiff could address this issue with the sentencing court.[36] Plaintiff claims that the visitation restriction is a cruel and unusual condition of confinement in violation of the Eighth Amendment.[37]

Plaintiff is not challenging the constitutionality of any of the prison's regulations as a matter of law. Instead, he is challenging application of the regulation as applied to him, or in other words, the specific decision restricting his visitation privileges. Outside the prison context, some cases discuss a right to maintain certain familial relationships, including association among members of an immediate family and association between grandchildren and grandparents.[38] However, many of the liberties and privileges enjoyed by other citizens must be surrendered by a prisoner when they are inconsistent with proper incarceration.[39] Freedom of association is among the rights least compatible with incarceration.[40]

---

[35] *See* Dockets 1-5 at 1, 1-6 at 5, and 1-14 at 1.

[36] Docket 1-15 at 1.

[37] Docket 1 at 5.

[38] *See Moore v. East Cleveland,* 431 U.S. 494 (1977) (plurality opinion); *Meyer v. Nebraska,* 262 U.S. 390 (1923).

[39] *See Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125 (1977); *Shaw v. Murphy,* 532 U.S. 223, 229 (2001).

[40] *Id.*

Case No. 3:23-cv-00107-JMK, *Thiele v. Winkleman, et al.*
Screening Order
Page 8 of 20
Case 3:23-cv-00107-JMK   Document 7   Filed 02/08/24   Page 8 of 20

Accordingly, prisoners do not have a right to unfettered visitation.[41] Prison officials necessarily enjoy broad discretion in controlling visitor access to a prisoner."[42] The restriction undoubtedly makes Plaintiff's confinement more difficult to bear, but it does not, in the circumstances of this case, fall below the standards mandated by the Eighth Amendment.[43] Further, although Plaintiff was previously accorded visitation, the restriction does not appear to have been imposed arbitrarily or irrationally.[44] Rather, the restriction—which is based on an order from the Alaska Superior Court—was enforced upon processing into a new facility. Therefore, as pleaded, Plaintiff has not pleaded sufficient facts to state a viable claim for a violation of his rights guaranteed by the Constitution or an enforceable right created by federal law.

---

[41] *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460–61 (1989); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

[42] *See Dunn v. Castro*, 621 F.3d 1196, 1202–03 (9th Cir. 2010); *Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam); *Casey v. Lewis*, 4 F.3d 1516, 1523 (9th Cir. 1993); *Toussaint v. McCarthy*, 801 F.2d 1080, 1113–14 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Overton v. Bazzetta*, 539 U.S. 126, 133–36 (2003) (upholding prison officials' restrictions on noncontact visits by children, and for prisoners who have committed multiple substance-abuse violations, because restrictions bore a rational relationship to legitimate penological interests). *Cf. Whitmire v. Arizona*, 298 F.3d 1134, 1135–36 (9th Cir. 2002) (explaining that challenge to prison regulation prohibiting same-sex kissing and hugging during prison visits did not survive rational basis review and thus, could not be dismissed on the pleadings).

[43] *Overton v. Bazzetta,* 539 U.S. 126, 140 (2003). *See also Morrissey v. Brewer,* 408 U.S. 471, 482 (1972) (incarceration by design intrudes on the freedom "to be with family and friends and to form the other enduring attachments of normal life.").

[44] *See Overton,* 539 U.S. at 137 ("If the withdrawal of all visitation privileges ... were applied in an arbitrary manner to a particular inmate, the case would present different considerations.").

Case No. 3:23-cv-00107-JMK, *Thiele v. Winkleman, et al.*
Screening Order
Page 9 of 20
Case 3:23-cv-00107-JMK   Document 7   Filed 02/08/24   Page 9 of 20

### B. Challenges to a criminal sentence

There is no federal constitutional right "to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."[45] Further, claims involving the application or interpretation of state law regarding the computation of credits are questions of state law.[46] Federal courts cannot "reexamine state-court determinations on state-law questions."[47] Absent a showing of fundamental unfairness, challenges to a state court's application of its own sentencing laws is not subject to federal review.[48] Plaintiff's claims challenging his sentence—including the calculation of good time credits and eligibly for discretionary parole—do not provide for federal relief under either Section 1983 or the habeas provisions. Such claims are more appropriately brought in state court, and as evidenced in the attached documents, have been

---

[45] *Miller v. Oregon Bd. of Parole & Post Prison Supervision,* 642 F.3d 711, 714 (9th Cir. 2011). *See also Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1, 2 (1979) ("A reasonable entitlement to due process is not created merely because a State provides for the possibility of parole, such possibility providing no more than a mere hope that the benefit will be obtained.").

[46] *Cf. Swarthout v. Cooke,* 562 U.S. 216, 220–22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"); *Langford v. Day,* 110 F.3d 1380, 1389 (9th Cir. 1997) (a prisoner "may not transform a state-law issue into a federal one merely by asserting a violation of due process.").

[47] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

[48] *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *see also Campbell v. Blodgett,* 997 F.2d 512, 522 (9th Cir. 1992) ("[a]s the Supreme Court has stated time and again, federal habeas corpus relief does not lie for errors of state law.").

Case No. 3:23-cv-00107-JMK, *Thiele v. Winkleman, et al.*
Screening Order
Page 10 of 20
Case 3:23-cv-00107-JMK   Document 7   Filed 02/08/24   Page 10 of 20

addressed by the state court.[49]  The Court does not have jurisdiction to conduct appellate review of state court proceedings.[50]

### C. Claims of inadequate medical treatment

In order to state a claim for violations involving medical care, an inmate must allege plausible facts that, if proven, would establish that a defendant has been deliberately indifferent to a serious medical need.[51] A serious medical need is an objective standard and may be found if the "failure to treat [the condition could] result in significant injury or the unnecessary and wanton infliction of pain."[52] Indicators of a serious medical need include: "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."[53]

Because Plaintiff was a convicted prisoner at the time of the alleged events, he may only bring a claim for inadequate medical care under the Eighth Amendment's Cruel and Unusual Punishments Clause and must satisfy both an

---

[49] Dockets 1-8 at 9–14.

[50] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923); *D.C. Ct. App. v. Feldman,* 460 U.S. 462, 482 (1983).

[51] *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

[52] *Peralta v. Dillard,* 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (citations and further internal quotation marks omitted).

[53] *Colwell v. Bannister*, 763 F.3d at 1066 (9th Cir. 2014) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Case No. 3:23-cv-00107-JMK, *Thiele v. Winkleman, et al.*
Screening Order
Page 11 of 20
Case 3:23-cv-00107-JMK   Document 7   Filed 02/08/24   Page 11 of 20

objective and subjective deliberate indifference standard.[54] To state a medical care claim under the Eighth Amendment, a convicted prisoner must plausibly allege facts that, if proven, would establish each of the following three elements:

(1) the plaintiff faced a serious medical need;

(2) the defendant was deliberately indifferent to that medical need, that is, the defendant knew of that medical need and disregarded it by failing to take reasonable measures to address it; and

(3) the defendant's failure to act caused harm to the plaintiff.

"Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient" to establish a constitutional deprivation."[55] Further, a difference of medical opinion or as to two alternative courses of medically acceptable treatment is insufficient to establish deliberate indifference.[56] "[T]o show deliberate indifference, [a] plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances

---

[54] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). *Cf. Gordon v. Cnty. Of Orange,* 888 F.3d 1118, 1124 (9th Cir. 2018) ("[M]edical care claims brought by pretrial detainees also 'arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause'") (quoting *Castro v. Cnty. of Los Angeles,* 833 F.3d 1060, 1069-70 (9th Cir. 2016)).

[55] *Id.* (internal quotation marks and citation omitted).

[56] *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.), *cert. denied*, 519 U.S. 1029 (1996) (citing *Estelle*, 429 U.S. at 107–08). *See also Simmons v. G. Arnett*, No. 20-55043, 2022 WL 3906207, at *5 (9th Cir. 2022) ("[A]n inadvertent failure to provide adequate medical care, differences of opinion in medical treatment, and harmless delays in treatment are not enough to sustain an Eighth Amendment claim.").

Case No. 3:23-cv-00107-JMK, *Thiele v. Winkleman, et al.*
Screening Order
Page 12 of 20
Case 3:23-cv-00107-JMK   Document 7   Filed 02/08/24   Page 12 of 20

and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health."[57] Delay of, or interference with, medical treatment can also amount to deliberate indifference.[58] When the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury.[59]

Plaintiff alleges Defendants were deliberately indifference to his medical needs regarding his vision when they denied him contact lenses for 13 days.[60] Plaintiff alleges Defendants breached a prior settlement agreement regarding his medical needs related to his vision.[61] Plaintiff claims his personal property was confiscated on February 6, 2023, when he changed housing units.[62] After Plaintiff complained to staff and filed a grievance, Sergeant Zoerb "personally went down and got [his] hygiene and medical supplies," but the rest of his property was not returned until March 9, 2023.[63]

---

[57] *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotation marks and citation omitted).

[58] *See Jett*, 439 F.3d at 1096; *Clement*, 298 F.3d at 905; *Hallett*, 296 F.3d at 744; *Lopez*, 203 F.3d at 1131; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

[59] *See Hallett*, 296 F.3d at 745–46; *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

[60] Docket 1 at 8; Docket 1-12 at 1.

[61] Docket 1 at 8.

[62] Docket 1 at 8.

[63] Docket 1 at 8.

Case No. 3:23-cv-00107-JMK, *Thiele v. Winkleman, et al.*
Screening Order
Page 13 of 20
Case 3:23-cv-00107-JMK   Document 7   Filed 02/08/24   Page 13 of 20

As an initial matter, the Court does not have jurisdiction to enforce the prior Settlement Agreement, which is to "be construed in accordance with and be governed by the laws of the State of Alaska."[64] Nor does the existence of a prior settlement amount to an admission of liability on those claims or future claims, although such information may be considered when evaluating Plaintiff's current claims. However, decisions regarding vision-related claims are heavily fact dependent.[65] Not every injury that a prisoner sustains while in prison represents a constitutional violation.[66] From the documents Plaintiff included with his filings, it appears he has been provided with medical care. Without more, Plaintiff has not provided sufficient facts to state a claim upon which relief could be granted under the Eighth Amendment. However, the Court grants leave to amend in accordance with the guidance in this order.

---

[64] Docket 1-11 at 2.

[65] *See, e.g., Sexton v. Cnty. of Clark,* 2018 WL 4494091 (D. Nev., 2018) (denying motion to dismiss where plaintiff alleged defendants withheld her prescription glasses and pain medication, causing agonizing headaches, in violation of Fourteenth Amendment); *Andy Li v. Contra Costa Cnty.,* 2017 WL 4861487, at *9, 12 (E.D. Cal. 2017) (a reasonable jury could find Fourteenth Amendment violation where inmate with uncorrected vision of 20/100 waited thirteen months for optometry appointment); *Bernardino v. Sandoval,* 2017 WL 4391705, at *4 (S.D. Cal. Oct. 3, 2017) (dismissing complaint without leave to amend where plaintiff alleged defendants broke his glasses during cell search, but did not allege that his broken glasses significantly affected his daily activities or caused him chronic and substantial pain); *Rodriguez v. D'Agostini,* 2018 WL 1256766, at *3 (E.D. Cal. Mar. 12, 2018) (dismissing claim for unaddressed eye problem where plaintiff required reading glasses, which is not a serious medical need).
[66] *Morgan v. Morgensen,* 465 F.3d 1041, 1045 (9th 2006) (quotation marks omitted).

Case No. 3:23-cv-00107-JMK, *Thiele v. Winkleman, et al.*
Screening Order
Page 14 of 20
Case 3:23-cv-00107-JMK   Document 7   Filed 02/08/24   Page 14 of 20

### D. Retaliation

Under the First Amendment to the United States Constitution, an individual has the right to be free from governmental action taken to retaliate against his exercise of First Amendment rights—such as access to the courts—or to deter the individual from exercising those rights in the future.[67] Prison officials may not retaliate against prisoners for exercising their First Amendment rights to pursue litigation or file administrative grievances.[68] A First Amendment claim for retaliation has five elements: (1) adverse action by a state actor against the inmate (2) because of (3) that prisoner's protected conduct, and the action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate correctional goal.[69] To establish a retaliatory motive, an inmate "must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct."[70] If the adverse action would have been taken even without the inmate's exercise of protected conduct, the plaintiff cannot satisfy the causation element of the retaliation claim."[71] Denial of a grievance does not cause or contribute to a First Amendment violation.[72] A plaintiff bears the initial

---

[67] *Sloman v. Tadlock,* 21 F.3d 1462, 1469–70 (9th Cir. 1994).

[68] *Rhodes v. Robinson,* 408 F.3d 559, 567 (9th Cir. 2005).

[69] *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021).

[70] *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (quotations omitted) (quoting *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)).

[71] Docket 12 at 9.

[72] *Thomas v. Matevousian*, No. 17-cv-1592, 2018 WL 1452261 at *4 (E.D. Cal. 2018) ("Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action."); *Hernandez v. Cate,* 918 F. Supp. 2d 987, 1010, 1018 (C.D. Cal. 2013)

Case No. 3:23-cv-00107-JMK, *Thiele v. Winkleman, et al.*
Screening Order
Page 15 of 20
Case 3:23-cv-00107-JMK    Document 7    Filed 02/08/24    Page 15 of 20

burden of showing that the exercise of his First Amendment rights was a substantial or motivating factor behind the defendant's conduct.[73] "[M]ere speculation that defendants acted out of retaliation is not sufficient."[74]

Plaintiff claims he is living in fear of retaliation and being transferred to another module or facility.[75] However, neither the Eighth nor the Fourteenth Amendment endows prisoners with a right to be housed in a particular facility or housing unit.[76] Further, Plaintiff has not connected any actions by any defendants with an intent to chill speech. Although amendment is likely futile, the Court also grants Plaintiff leave to amend this claim in accordance with the guidance in this order.

## CONCLUSION

Plaintiff is accorded 30 days to amend his Complaint. An amended complaint replaces the prior complaint in its entirety.[77] Any claims not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that

---

("[r]uling against a prisoner on an administrative complaint does not cause or contribute to [a section 1983] violation.").

[73] *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

[74] *Wood v. Yordy,* 753 F.3d 899, 904 (9th Cir. 2014).

[75] Docket 1-1 at 7.

[76] *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (no constitutionally protected right to be housed in the institution of one's choice); *Moody v. Daggett,* 429 U.S. 78, 88 n.9 (1976) (an inmate does not have a legitimate statutory or constitutional entitlement to his custody classifications score or his security designation level).

[77] *See* Fed. R. Civ. P. 15 and Local Civil Rule 15.1.

Case No. 3:23-cv-00107-JMK, *Thiele v. Winkleman, et al.*
Screening Order
Page 16 of 20
Case 3:23-cv-00107-JMK   Document 7   Filed 02/08/24   Page 16 of 20

the pleader is entitled to relief."[78] An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. An amended complaint should not contain a narrative and it should not contain or have attached to it medical records or other documentation.

Although he has been given the opportunity to amend, Plaintiff may not unjustifiably expand the scope of the case by alleging new unrelated claims or parties in the amended complaint.[79] Any amended complaint may not include any claims or defendants for which he lacks a sufficient legal or factual basis. An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that a plaintiff is alleging has occurred to him, (2) when that injury occurred, (3) where that injury was caused, and (4) who he is alleging caused that specific injury to him.

**IT IS THEREFORE ORDERED:**

1. Plaintiff Complaint is DISMISSED for failure to state a claim upon which relief could be granted. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff is accorded **60 days** to file **one of the following**:

---

[78] Fed. R. Civ. P. 8(a)(2).

[79] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:23-cv-00107-JMK, *Thiele v. Winkleman, et al.*
Screening Order
Page 17 of 20
Case 3:23-cv-00107-JMK   Document 7   Filed 02/08/24   Page 17 of 20

a. <u>First Amended Complaint</u>, in which Plaintiff restates his claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

2. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form **within 60 days,** this case may be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.[80] This dismissal would count as a "strike" against Plaintiff under § 1915(g).[81] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

3. Plaintiff's motion to waive prepayment of the filing fee at **Docket 3 is GRANTED**. Plaintiff is advised federal law only allows prisoners to waive prepayment of the fees associated with civil lawsuits. Prisoners must pay the fee incrementally until paid in full, regardless of the outcome of the action.[82] Should

---

[80] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that a dismissal counts as a strike when the district court dismisses a complaint for a failure to state a claim, grants leave to amend, and the plaintiff fails to amend the complaint).

[81] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

[82] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 3:23-cv-00107-JMK, *Thiele v. Winkleman, et al.*
Screening Order
Page 18 of 20
Case 3:23-cv-00107-JMK   Document 7   Filed 02/08/24   Page 18 of 20

Plaintiff proceed in suit and sufficiently plead a claim, the Court will issue a separate order on the collection of the filing fee.

4. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[83] Failure to comply may result in dismissal of this action.

5. Self-Represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders. Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

6. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[84] The Notice shall not include requests for any other relief.

7. Plaintiff's motion to correct the spelling of his name at **Docket 6 is GRANTED**. The Clerk shall update the spelling of Plaintiff's last name to "Thiele" and update the caption accordingly.

---

[83] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[84] See Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

8. Jen Winkelman is substituted for her predecessor, Nancy Dahlstrom, as the Commissioner for the Alaska Department of Corrections pursuant to Fed R. Civ. P. 25(d). The Clerk shall update the caption accordingly.

9. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 8th day of February, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00107-JMK, *Thiele v. Winkleman, et al.*
Screening Order
Page 20 of 20
Case 3:23-cv-00107-JMK   Document 7   Filed 02/08/24   Page 20 of 20